UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ISAAC MCGOWAN and IVANO MCGOWAN,        :
                        Plaintiffs,     :
                                        :      10 Civ. 3988 (DLC)
            -v-                         :
                                        :      MEMORANDUM OPINION
CHRISTINE V. MARRZAN,                   :      AND ORDER
                        Defendant.      :
                                        :
----------------------------------------X

Appearances:

For the plaintiffs:
Arlen S. Yalkut
Yalkut & Israel
865B Walton Avenue
Bronx, NY 10451

For the defendant:
Carl S. Sandel
Morris Duffy Alonso & Faley
2 Rector Street
New York, NY 10006

DENISE COTE, District Judge:

        In their complaint, the plaintiffs allege personal injuries

arising out of an automobile accident on May 16, 2007 in Bergen

County, New Jersey.  The plaintiffs filed their complaint in

this district on May 14, 2010, almost a year after the

expiration of the New Jersey two-year statute of limitations for

plaintiffs' negligence claim, and just shy of the three-year

statute of limitations under New York law.  On July 15, the

defendant, Christine Marrzan ("Marrzan"), filed a motion to

dismiss for lack of personal jurisdiction and improper venue. The motion is granted and the case is dismissed.

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." Penguin Grp. (USA) Inc. v. American Buddha, 609 F.3d 30, 34-35 (2d Cir. 2010) (citation omitted).  Where, as here, there has been no discovery, the plaintiff need only make "legally sufficient allegations of jurisdiction" through its pleading and affidavits in order to survive a motion to dismiss.  Id. at 35 (citation omitted).

"A federal court's jurisdiction over non-resident defendants is governed by the law of the state in which the court sits -- including that state's long-arm statute -- to the extent this law comports with the requirements of due process." Arar v. Ashcroft, 532 F.3d 157, 173 (2d Cir. 2008), vacated and superseded on other grounds by Arar v. Ashcroft, 585 F.3d 559 (2d Cir. 2009).  New York's long-arm statute, N.Y. C.P.L.R. § 302(a), provides the bases to obtain personal jurisdiction over a non-domiciliary.

The complaint alleges that Marrzan is a citizen of New Jersey.  It does not include any grounds for the assertion of personal jurisdiction in New York over her.  Moreover, in their opposition to the motion to dismiss, the plaintiffs have identified no basis under § 302(a) to find that jurisdiction

exists.   Consequently, the motion to dismiss for lack of
personal jurisdiction is granted.

A court lacking personal jurisdiction over a defendant may
transfer the case to another jurisdiction where venue is
appropriate and personal jurisdiction may be had if such a
transfer is in the interest of justice.   Fort Knox Music Inc. v.
Baptiste, 257 F.3d 108, 112 (2d Cir. 2001).   Because Marrzan is
a citizen of New Jersey and the accident occurred in New Jersey,
a New Jersey court would have personal jurisdiction over the
defendant and venue would exist for this action.   In their
opposition to this motion, however, plaintiffs argue that
litigating in New Jersey would work a hardship on them and would
be inconvenient for their witnesses.   Because the plaintiffs
have failed to identify any reason to find that a transfer would
be in the interest of justice, this action shall not be
transferred.   The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         August 26, 2010

                                 DENISE COTE
                       United States District Judge

3